[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff whose maiden name was Nancy Tallman and the defendant were married on June 11, 1977, in Danbury, Connecticut. The plaintiff has resided continuously in the state of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children issue of this marriage and the plaintiff does not have any minor children. The plaintiff is receiving assistance from the state of Connecticut.
The plaintiff is presently unemployed. She receives a gross weekly CT Page 8979 amount of $149.30 from a combination of SSI and SSDI. She also receives a gross weekly amount of $96.98 from AFDC as a result of being the guardian of her minor niece. The parties have adult children. The plaintiff has gross weekly expenses of $205.87. She owes Southern New England Telephone Company $1,090. She owns various electronic equipment, jewelry, and personal goods with a total value of $300. She owns a 1989 Geo with a total value of $1,350. She has a Fleet Bank Savings Account with a balance of $40. She does not have any life insurance or any retirement plan or any other assets. The parties separated in 1997. The plaintiff is 45 years old. She suffers from Diabetes and depression. She has a boyfriend that has been residing with her since 1999. He does not contribute to any of her weekly expenses.
The defendant suffers from heart problems and high blood pressure. He also has difficulty in sleeping. He is employed full-time with a gross weekly income of $455 and a net weekly income of $348. His gross weekly expenses are approximately $345. He is 54 years old. He has a child from a relationship with another woman who he has been living with for approximately seven and one-half years and continues to reside with her. That child was born in 1997. His female companion contributes on a regular basis approximately $575 monthly towards household expenses. He owes the Bridgeport Hospital approximately $2,400. His female companion has a debt to Yankeegas in the amount of $2,245. He has physician bills regarding his heart condition of approximately $185. He owes the IRS $985 for the tax years of 2000 and 2001. He owes the City of Bridgeport $231.45 for automobile tax. He does not own any automobile and does not have any bank accounts or stocks and bonds or life insurance or deferred compensation plan.
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions of § 46b-81 (c) regarding the issue of property division, and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
 ORDERS
A. By way of dissolution
 1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By way of property orders
1. The plaintiff is to pay the liability shown on her financial affidavit and hold the defendant CT Page 8980 harmless therefrom.
 2. The defendant is to pay all liabilities referred to in this decision and hold the plaintiff harmless therefrom.
 3. The 1989 Geo owned by the plaintiff is awarded to the plaintiff as well as all other assets shown on her financial affidavit dated July 11, 2002.
C. By way of alimony
 1. The defendant is ordered to pay to the plaintiff alimony in the amount of $35 per week. Alimony is to terminate upon the earliest of the following events: a) the death of the plaintiff or b) the death of the defendant.
 2. The provisions of §§ 46b-86 (a) and 46b-86 (b) are applicable.
 3. The defendant is also ordered to pay alimony to the state of Connecticut in the amount of $1 per year.
D. By way of attorney's fees
 1. No attorney's fees are awarded in favor of the plaintiff.
E. Miscellaneous Orders
 1. Counsel for the plaintiff is to prepare the judgment file within thirty days and file it in the clerk's office.
 2. Commencing with the calendar year 2002, the parties are to exchange copies of their federal and state income tax returns by certified mail/return receipt or registered mail/return receipt within thirty days after such returns have been filed for so long as there is an outstanding alimony order and/or any outstanding arrearage regarding alimony.
 3. An immediate wage execution is authorized for the alimony order entered herein.
 4. The plaintiff is restored her maiden name of Nancy Tallman.
AXELROD, JTR CT Page 8981